WILSON TURNER KOSMO LLP
ROBERT A. SHIELDS (206042)
E-mail: rshields@wilsonturnerkosmo.com
HUBERT KIM (204957)
E-mail: hkim@wilsonturnerkosmo.com
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
CUMMINS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANK HAZLEWOOD, an individual, and DEBORAH HAZLEWOOD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NEWMAR CORPORATION, an Indiana Corporation; SPARTAN MOTORS USA, INC., a South Dakota Corporation; CUMMINS INC., a Delaware Corporation; ALLISON TRANSMISSION, INC., a Delaware Corporation; HADLEY PRODUCTS CORPORATION, a Michigan Corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 5:20-cv-1698<br><br>**DEFENDANT CUMMINS INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed: June 1, 2020 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant CUMMINS INC. ("Defendant" or "Cummins"), by and through its counsel, hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441(a) and 1446. Cummins sets forth the following in support of its Notice of Removal:

-1-   Case No. 5:20-cv-1698

1.       On June 1, 2020, a civil action was filed in the Superior Court for the State of California, County of San Bernardino, entitled *Robert Frank Hazlewood and Deborah Hazlewood v. Newmar Corporation, et al.*, Case No. CIVDS2009822.

2.       Plaintiffs served Cummins through its registered agent with the Summons and Complaint on July 27, 2020.  (*See* Declaration of Hubert Kim ("Kim Decl."), Ex. A.)

3.       The Complaint alleges the following causes of action against Defendants Newmar Corporation ("Newmar"), Spartan Motors USA, Inc. ("Spartan"), Cummins, Allison Transmission, Inc. ("Allison"), and Hadley Products Corp. ("Hadley") (collectively, "Defendants"):  (1) Violation of the Song-Beverly Act – Breach of Express Warranty; (2) Violation of the Song-Beverly Act – Breach of Implied Warranty; (3) Violation of the Song-Beverly Act Section 1793(b); and (4) Violation of the Federal Magnusson-Moss Warranty Act.

## Complete Diversity Exists

4.       This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and may be removed to this Court by Cummins pursuant to the provisions of 28 U.S.C. section 1441(a) because it is a civil action between citizens of different states and it appears on the face of the Complaint that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5.       At the time of the filing of this Complaint and this Notice of Removal, Plaintiffs were and still are citizens of the State of Colorado, inasmuch as Plaintiffs allege "Plaintiffs, Robert Frank Hazlewood and Deborah Hazlewood, are individuals residing in the City of Mead, State of Colorado."  (Kim Decl. at Ex. B, ¶ 2.) Plaintiffs' residence is *prima facie* evidence that they are domiciled in Colorado and, thus, a citizen of that state.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also, Barrera v. Western United Ins. Co.*, 567 Fed. Appx. 491, n.1 (9th Cir. 2014) (a party's residence constitutes domicile unless proven otherwise).

6. Cummins is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Indiana with its principal place of business located in the State of Indiana. For purposes of diversity jurisdiction, a corporation is a citizen of every state by which it has been incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Cummins is a citizen of Indiana.

7. On information and belief, Newmar is an Indiana corporation with its principal place of business located in the State of Indiana. Thus, Newmar is a citizen of Indiana.

8. On information and belief, Spartan is currently known as The Shyft Group USA, Inc. and is a South Dakota corporation with its principal place of business located in the State of Michigan. Thus, Spartan is a citizen of South Dakota and Michigan.

9. On information and belief, Allison is a Delaware corporation with its principal place of business located in the State of Indiana. Thus, Allison is a citizen of Delaware and Indiana.

10. On information and belief, Hadley is a Michigan corporation with its principal place of business located in the State of Michigan. Thus, Hadley is a citizen of Michigan.

11. The Complaint also names Defendant Does 1 through 10. Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of the Doe defendants is disregarded.

12. Thus, complete diversity exists between the parties. Plaintiffs are citizens of Colorado, while Defendants are citizens of Indiana, Michigan, South Dakota, and Delaware, respectively.

13. All Defendants have consented to removal. (*See* Kim Decl. at ¶ 12.)

**The Amount in Controversy Requirement is Satisfied**

14. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain

evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15. Plaintiffs' Complaint contains, among other things, alleged violations of California's Song-Beverly Consumer Warranty Act, California Civil Code section 1790, *et seq.* regarding a 2018 Newmar Mountain Aire 4047 RV, VIN 4VZVU1E93JC083767 (the "Subject Vehicle"). (*See* Kim Decl. at Ex. B, ¶ 12.)

16. The Complaint is silent as to the amount in controversy. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

17. The Song-Beverly Consumer Warranty Act provides for restitution, which is the "amount equal to the actual price paid or payable by the buyer ... and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B). Here, Plaintiffs seek, among other remedies, "rescission of the purchase contract and restitution of all monies expended." (Kim Decl. at Ex. B, Prayer for Relief.) As set forth in the sales contract for the Subject Vehicle, the cash price for the Subject Vehicle is $401,064.50 (*see* Kim Decl. at Ex. C, page 2 ("Total Cash Price")) and Plaintiffs paid $276,000.00 as a downpayment for the Subject Vehicle (*id.* at Ex. C, page 2 ("Total Downpayment"), which would be recoverable as restitution.

18. Thus, the total amount in controversy far exceeds $75,000 even before adding Plaintiffs' claims for a two-times civil penalty under the Song-Beverly Consumer Warranty Act (calculated by adding the restitution amount and multiplying

the amount by two), diminution in value, incidental and consequential damages,, prejudgment interest, and reasonable attorney's fees and costs of suit.  The amount in controversy requirement is, therefore, satisfied.

## The Other Requirements for Removal are Met

19. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.  Therefore, this Notice is timely filed under 28 U.S.C. section 1446(b).

20. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. section 1446(c).

21. Removal to this Court is proper as the Superior Court of the State of California, County of San Bernardino, where this action was originally filed, is located within this judicial district.

22. Cummins timely filed its Answer to Plaintiffs' Complaint in the Superior Court of the State of California, County of San Bernardino on August 18, 2020.  (Kim Decl. at Ex. D.)

23. Pursuant to 28 U.S.C. section 1446(a), and to the best of Cummins' knowledge, Exhibits A, B, and D through H to the Declaration of Hubert Kim constitute all the process, pleadings, and orders in Cummins' possession at the time of this removal.

24. Counsel for Cummins certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Bernardino, and give notice to counsel for Plaintiffs.

Dated:   August 21. 2020

**WILSON TURNER KOSMO LLP**

By:   /s/ *Hubert Kim*
ROBERT A. SHIELDS
HUBERT KIM
Attorneys for Defendant
CUMMINS INC.

-5-   Case No. 5:20-cv-1698
DEFENDANT CUMMINS INC.'S NOTICE OF REMOVAL